Filed 3/22/22  P. v. Valencia CA2/2
Opinion following transfer from Supreme Court

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B299957 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA402808) |
| v. | **OPINION ON REMAND** |
| CLAUDIA VALENCIA, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, George Gonzalez Lomeli, Judge.  Reversed and remanded with directions.

Jennifer A. Gambale, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Daniel C. Chang and Christopher G. Sanchez, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Pursuant to order by the California Supreme Court, we vacate our original opinion and issue this opinion instead.

In 2013, defendant and appellant Claudia Valencia was convicted of attempted murder. (Pen. Code, §§ 664, 187, subd. (a).)[1] We affirmed the judgment on direct appeal. (*People v. Valencia* (Oct. 20, 2014, B253431) [nonpub. opn.] (*Valencia I*).) In 2019, following the enactment of Senate Bill No. 1437 (2017-2018 Reg. Sess.) (SB 1437), defendant filed a petition for resentencing under section 1170.95. As is relevant here, the trial court summarily denied the petition on the ground that section 1170.95 did not apply to convictions for attempted murder.

Defendant timely filed a notice of appeal. On November 24, 2020, we affirmed the trial court's order on the ground that section 1170.95 does not apply to convictions for attempted murder. (*People v. Valencia* (Nov. 24, 2020, B299957) [nonpub. opn.].)

Defendant filed a petition for review with the California Supreme Court. While this case was pending, our Legislature enacted and the Governor signed into law Senate Bill No. 775 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 551) (SB 775). SB 775 amended section 1170.95 to expand eligibility for resentencing to persons convicted of attempted murder.

On February 10, 2021, the California Supreme Court granted review in this case, and, in an order filed January 5, 2022, "transferred [the case]" back to the Court of Appeal "with

---

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

2

directions to vacate [our] decision and reconsider the cause in light of" SB 775.

In light of the enactment of SB 775, we vacate our previous opinion and remand the matter to the trial court for further proceedings under section 1170.95, subdivision (c).

## BACKGROUND

I. *Underlying Attempted Murder Conviction*

Based on a shooting that took place in 2012, defendant was charged in an amended information filed by the Los Angeles County District Attorney's Office with attempted murder. (§§ 664, 187, subd. (a).) The amended information also alleged that the offense was committed willfully, deliberately, and with premeditation (§ 664, subd. (a)); was committed for the benefit of, at the direction of, and in association with a criminal street gang (§ 186.22, subd. (b)(1)(C)); and that a principal used a firearm (§ 12022.53, subds. (b), (c), (d) & (e)(1)). It was further alleged that defendant had suffered a prior serious felony conviction (§ 667, subd. (a)(1)), which also constituted a "strike" within the meaning of the "Three Strikes" law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)).

Defendant was tried along with two codefendants. (*Valencia I*, *supra*, B253431 at p. 2.) "The prosecutor proceeded under the theory that, even if defendant was not the shooter, she was guilty as an aider and abettor and/or coconspirator under the theory of natural and probable consequences." (*Id.* at p. 5, fn. 3.) In fact, the jury was instructed on the natural and probable consequences doctrine of attempted murder. (*Id.* at p. 4.)

The jury found defendant guilty of attempted murder and found true the firearm and gang allegations. The jury did not find it true that the attempted murder was committed willfully,

3

deliberately, and with premeditation.  Defendant admitted the prior.  After striking the strike conviction, the trial court sentenced defendant to serve 35 years to life in state prison.

In 2014, we affirmed the judgment on direct appeal. (*Valencia I, supra,* B253431 at p. 11.)

II.  *Section 1170.95 Proceedings*

On June 11, 2019, defendant filed a petition for resentencing pursuant to section 1170.95.  Defendant declared, in relevant part, that she was convicted of attempted murder pursuant to the felony murder rule or the natural and probable consequences doctrine and that she could not now be convicted of attempted murder because of the changes made to sections 188 and 189, effective January 1, 2019.

On June 25, 2019, the trial court summarily denied the petition on the ground that section 1170.95 does not apply to convictions for attempted murder.

Defendant timely appealed.  At that time, the Court of Appeal was split on whether section 1170.95 applied to attempted murder convictions.  We affirmed the order denying the petition because we interpreted then-existing section 1170.95 to authorize relief for defendants convicted of murder, but not attempted murder.  (*People v. Love* (2020) 55 Cal.App.5th 273, 279, review granted Dec. 16, 2020, S265445 (*Love*).)  Defendant petitioned the Supreme Court for review.  The Supreme Court granted review, transferred the matter back to this court, and directed us to vacate our prior decision and reconsider in light of SB 775.  Following the transfer, the Attorney General and defendant submitted supplemental briefs addressing the impact of SB 775 on this case.

4

## DISCUSSION

In his supplemental brief, the Attorney General concedes that reversal and remand for further proceedings is appropriate. We agree.

SB 1437 enacted section 1170.95, which "amend[ed] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f); *People v. Gentile* (2020) 10 Cal.5th 830, 842**.**)

As set forth above, prior to the enactment of SB 775, the Court of Appeal was split on whether SB 1437 applied to attempted murder as well as murder, with some courts holding that SB 1437 did not apply to attempted murder at all, others holding that it applied only prospectively to attempted murder, and still others holding that it applied both prospectively and retroactively to nonfinal attempted murder convictions. (See *Love, supra*, 55 Cal.App.5th at pp. 278–279 [summarizing the split of authority as of Oct. 1, 2020].)

SB 775 resolved this split of authority by amending SB 1437 to explicitly afford relief to persons convicted of attempted murder and manslaughter. (See, e.g., *People v. Montes* (2021) 71 Cal.App.5th 1001, 1007 [a defendant "is eligible for resentencing relief under section 1170.95 by virtue of his attempted murder conviction so long as [he] was convicted under a natural and probable consequences theory"].) SB 775's amendments to section 1170.95 became effective January 1, 2022. Defendant's appeal from the denial of her resentencing petition

was not final by that date; thus, defendant may avail herself of this latest amendment. (*People v. Vieira* (2005) 35 Cal.4th 264, 306; *People v. Garcia* (2018) 28 Cal.App.5th 961, 973.)

## DISPOSITION

The order denying defendant's petition for resentencing is reversed, and the matter is remanded for proceedings pursuant to section 1170.95, subdivision (c).

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
ASHMANN-GERST

We concur:


_____, P. J.
LUI


_____, J.
HOFFSTADT

6